IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES L. MILLER and GINA L. MILLER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:09-CV-1503-K |
| CHASE HOME FINANCE, LLC and JUDITH A. FRAPPIER as Substitute Trustee and Partner in the Law Firm BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is (1) Plaintiffs' Motion to Remand and Request for Attorneys' Fees (Doc. No. 3) and (2) Defendant Judith Frappier's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. No. 5). The Court **GRANTS** Plaintiffs' motion to remand for the following reasons. Because the Court does not have jurisdiction, it declines to address Defendant Judith Frappier's motion to dismiss.

**I.    Factual Background**

In 2002, Plaintiffs Charles L. and Gina L. Miller (collectively "Plaintiffs") executed a mortgage with Defendant Chase Home Finance, LLC ("Chase") in purchasing a home in Rockwall County. The loan was non-escrowed so that Plaintiffs made all ad valorem tax and insurance payments directly to whom they were owed. Plaintiffs paid

their ad valorem taxes through the 2006 tax year. Plaintiffs were notified in 2007 they were eligible for a tax collection deferral under section 33.06 of the Texas Tax Code. Because Plaintiff Charles Miller was age 65 years or older and the homestead owner, and the property was for sale, Plaintiffs could defer the ad valorem taxes on this property. Plaintiffs chose to defer and, therefore, did not pay their ad valorem taxes for tax years 2007 and 2008.

At some point thereafter, Chase, believing Plaintiffs' taxes were in arrears, paid the property taxes for the tax years 2007 and 2008. Chase then made a demand on Plaintiffs for reimbursement of the amount paid. While attempting to resolve the problem and continuing to pay the principal and interest due on the loan, Plaintiffs were turned over to Chase's collections. Thereafter, they received notice their loan was being accelerated and a "Notice of Substitute Trustee Sale," which scheduled a foreclosure sale for July 7, 2009, which was later rescheduled for August 4, 2009.

On July 31, 2009, Plaintiffs filed their suit in state court in Rockwall County. A temporary restraining order was issued that same day prohibiting, among other things, the sale of the Millers' property. A hearing on the Plaintiffs' Application for Temporary Injunction was set for August 14, 2009. Chase removed the case to this Court on August 13, 2009.

II.   Applicable Law

    A.   Removal to Federal Court

1.   **Diversity Jurisdiction**

A case may be removed to federal court on diversity grounds.  28 U.S.C. § 1332. The removing party must show all the elements of section 1332 are met to establish diversity exists, including that a plaintiff cannot be a citizen of the same state as any defendant.  *Id.*  The removing party bears the burden of establishing that removal was proper and federal jurisdiction exists.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)(the court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").  Any questions or ambiguities are resolved in favor of remand.  *See Manguno*, 276 F.3d at 723.

2.   **Improper Joinder**

When improper joinder is the basis for removing a case to federal court, the court must first determine whether the removing party met its heavy burden of showing improper, or fraudulent, joinder of the in-state defendant.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Removal is not appropriate, and federal courts have no jurisdiction, where an in-state defendant was "'properly joined.'" *Id.* at 576.  To establish fraudulent joinder, the removing party must prove (1) actual fraud exists in the jurisdictional facts as plead or (2) the plaintiff cannot establish a cause of action against the non-diverse defendant.  *Id.* at 573.

The second scenario is at issue in this case. Therefore, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To make this determination, the court can analyze the allegations in the complaint similar to a Rule 12(b)(6) analysis. *Id.* The court would look to whether the allegations in the complaint state a claim under state law against the in-state defendant, viewing the facts in the light most favorable to the plaintiff and resolving any questions in favor of the plaintiff. *See id.* If the plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.*

III.    Analysis

Chase removed this case on the basis of diversity jurisdiction. In its Notice of Removal, Chase alleges that Plaintiffs fraudulently joined Defendant Frappier solely in her capacity as substitute trustee. Chase asserts that trustees are not necessary parties under section 51.007 of the Texas Property Code, and, section 51.007 "is designed to facilitate the dismissal of claims filed against trustees who, as here, are named solely in their capacity as trustees." Without any citation to authority, Chase states that "[a] trustee is not liable for acts solely as a trustee." Based only on its claim that Frappier is "not a necessary or appropriate party" to this case under section 51.007, Chase argues that Plaintiffs have no reasonable probability of recovery against her and Plaintiffs are

unable to establish a cause of action against her. Plaintiffs contend that Frappier was not fraudulently joined and, therefore, diversity jurisdiction does not exist and the case must be remanded.

### A.     Improper Joinder

#### 1.     Section 51.007 of Texas Property Code

Section 51.007(a) provides that a trustee may plead in her answer that she is not a necessary party by verified denial, asserting her reasonable belief that she was named solely in her capacity as trustee under a deed of trust. TEX. PROP. CODE § 51.007(a)(Vernon 2008). Subsection (b) permits the filing of a verified response rebutting the trustee's verified denial within 30 days after the verified denial is filed. TEX. PROP. CODE § 51.007(b). Subsection (c) provides that if there is no objection or a timely verified response is not filed, then the trustee shall be dismissed without prejudice. TEX. PROP. CODE § 51.007(c). If a verified response rebutting the verified denial is filed, then the court shall set a hearing to determine if the trustee is a necessary party. TEX. PROP. CODE § 51.007(d).

In its Notice of Removal and in its response to Plaintiffs' motion to remand, Chase argues Frappier was fraudulently joined. More specifically, Chase asserts that Plaintiffs cannot maintain a state law cause of action against her because Frappier was sued solely in her capacity as substitute trustee and she is not a necessary party to this action. Chase relies on section 51.007 and *WAMCO XXVIII, Ltd. v. Casa Grande Cotton*

*Finance Co.*, 314 F.Supp.2d 655 (N.D. Tex. 2004)(Cummings, J.) in support of its argument. In *WAMCO*, the court did indeed dismiss the substitute trustee, finding he was not a necessary party. However, the Court finds the *WAMCO* case is easily distinguishable from the instant case. The *WAMCO* plaintiff filed suit in state court against three defendants, including the substitute trustee. *Id.* at 657. The case was removed to federal court on the basis that the substitute trustee-defendant was fraudulently joined. *Id.* The same day the case was removed, the substitute trustee-defendant filed a verified answer asserting that he was named solely in his capacity as substitute trustee under a deed of trust and was not a necessary party. *Id.* No verified response was filed by the plaintiff. *Id.* The court concluded that dismissal of the substitute trustee was proper because the plaintiff failed to file a timely verified response, thereby failing to give the court any basis to find the substitute trustee a necessary party. *Id.*; *see also* Tex. Prop. Code § 51.007(c) ("If a party . . . fails to file a timely verified response to the trustee's verified denial, the trustee <u>shall</u> be dismissed from the suit without prejudice."). The court concluded, in the alternative, that the substitute trustee was fraudulently joined because the sole cause of action asserted against him was precluded because the statute of limitations had run. *WAMCO*, 314 F.Supp.2d at 658.

Chase's reliance on section 51.007 to support its argument is also mistaken. Section 51.007 does provide a means of dismissing a substitute trustee named in a lawsuit under certain circumstances. It does not, however, stand for the proposition that

a substitute trustee cannot be sued ever in that capacity or that she must automatically be dismissed simply because she is sued in her capacity as substitute trustee. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 2008 WL 65405, * 4 (S.D. Tex. Jan. 4, 2008) (section 51.007 does not bar substitute trustees from being sued). Section 51.007 merely sets forth the procedure by which a substitute trustee may be dismissed from a lawsuit. *See id.* The substitute trustee must file a verified answer asserting she was sued solely in her capacity as substitute trustee, and she is not a necessary party to the action. *See* § 51.007(a). Once the verified answer is filed, if there is no objection or a verified response is not filed, the trustee then shall be dismissed without prejudice. *See* § 51.007(c). If a timely verified response is filed, a hearing is then held to determine whether the trustee is a necessary party. *See* § 51.007(d). This case was removed to this Court on August 13 and Plaintiffs filed their motion to remand on August 14. On August 21, Frappier then filed her motion to dismiss for failure to state a claim. The record indicates, however, that Frappier has not filed any such verified denial. Although Frappier's motion to dismiss avers that she is being sued solely in her capacity as substitute trustee, this does not equate to a verified denial as required in section 51.007. *See also Cooper v. Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.*, 2008 WL 1848453, *3 (N.D. Tex. April 22, 2008)(Fish, J.) (first amended answer contained verified denial alleging that defendants were being sued solely in their capacity as substitute trustees). There is no affidavit verifying this, or anything else purporting to

ORDER – PAGE 7

verify her averment.  *See also* TEX. R. CIV. P. 93(2) (pleading claiming defendant is not liable in capacity in which she is sued must be verified by affidavit).  Also, Frappier makes no allegation that she is not a necessary party to this lawsuit as section 51.007(a) requires.  *See* § 51.007(a).

Despite Chase's assertion to the contrary, there is nothing in the language of section 51.007 precluding Frappier from being sued in her capacity as trustee.  *See* § 51.007; *Rodriguez*, 2008 WL 65405, at *4 ("Section 51.007 does not mandate dismissal of all claims against a trustee, but rather provides that a trustee may be dismissed under certain circumstances.").  Chase's only basis for asserting improper joinder was that Frappier was not a necessary party to this suit under section 51.007 because she was named solely in her capacity as substitute trustee; therefore, Plaintiffs could not maintain any cause of action against her.  As the Court has already concluded, this argument is incorrect.  Section 51.007 does not stand for that proposition; furthermore, Frappier failed to comply with the requirements of section 51.007(a).  The Court concludes that Chase did not meet its heavy burden of establishing improper joinder.  *See Smallwood*, 385 F.3d at 576.  Consequently, the Court concludes remand is proper.

## IV.   Conclusion

The Court concludes Defendant Chase did not meet its burden of establishing Defendant Frappier was improperly joined in this case.  Accordingly, because diversity jurisdiction was the only basis for removal and no federal claims were asserted, this

Court does not have jurisdiction. This case is hereby **remanded** to the 382nd Judicial District, Rockwall County, Texas. The Court assesses costs against Defendant Chase but **denies** Plaintiffs' request for attorneys' fees.

**SO ORDERED.**

Signed January 6th, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE